UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00057-JAW |
| | ) | |
| RONALD TRECARTIN | ) | |

**ORDER ON DEFENDANT'S MOTION FOR COUNTY JAIL TIME CREDIT**

On June 10, 2014, the Court sentenced Ronald Trecartin to 120 months of incarceration, twenty years of supervised release, a $100 special assessment, and no fine or restitution for unlawful possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B). *J.* (ECF No. 63). On November 25, 2019, Mr. Trecartin filed a motion with the court requesting credit for uncredited time. *Mot. for County Jail Time Credit* (ECF No. 67). Mr. Trecartin's motion faces a host of legal hurdles, not the least that he waited over five years to bring it. Nevertheless, as his motion appears to be based on his misapprehension of the facts underlying his state and federal sentences, the Court explains to Mr. Trecartin why it has concluded that he is incorrect on the facts and must deny his motion.

The narrow issue is whether during the period Mr. Trecartin was in state custody from September 26, 2012, to April 4, 2013, he was in federal custody for any part of that time or in state custody for conduct relevant to his federal offense. Under United States Sentencing Guideline § 5G1.3, a defendant is not entitled to credit for serving a state sentence unless the state conviction is "relevant conduct to the instant offense of conviction . . . ." U.S.S.G. § 5G1.3(b). If he was in state custody for conduct relevant to the federal child pornography offense between September 26, 2012, and

April 4, 2013, he has a legitimate claim for credit for that time. If he was incarcerated by the state of Maine during that interval for conduct unrelated to the possession of child pornography offense, he is not entitled to credit.

In his motion, Mr. Trecartin says that at his sentencing hearing, the Court gave him credit from March 29, 2013, to June 19, 2014, for time he spent in county jail, but he believes he is entitled to credit from September 26, 2012, to June 19, 2014, "because he finished his County time on 09/26/2012." *Id.* at 1. At the same time, he says that he was under the impression that "his County jail time was to be credited from 09/26/2012 and not from 03/29/2013." *Id.* From what the Court can piece together, Mr. Trecartin's memory of what happened appears to be inaccurate.

The Court reviewed the docket in Mr. Trecartin's case. The United States (Government) initiated a criminal complaint against Mr. Trecartin on December 12, 2012, and an arrest warrant was issued the same day. *Compl.* (ECF No. 3). Also, on December 12, 2012, the Government filed a motion for detention, stating that "[a] recording of a telephone call from the Aroostook County Jail on October 8, 2012 reveals the intent of the defendant to leave Aroostook County and travel to a more southern part of Maine or to New Hampshire . . . ." *Mot. of the United States of America for Detention* at 2 (ECF No. 6). On the same day, the United States Magistrate Judge issued an arrest warrant. *Arrest Warrant* (ECF No. 7).

The next docket entry does not appear until March 21, 2013, when a federal grand jury indicted Mr. Trecartin. *Indictment* (ECF No. 8). The Government issued a praecipe for warrant on March 21, 2013, *Praecipe for Warrant* (ECF No. 11), and

the Deputy Clerk of Court issued an arrest warrant the following day. *Arrest Warrant* (ECF No. 13). The docket indicates that Mr. Trecartin was in state custody as of March 21, 2013. *Praecipe for Warrant.* On March 22, 2013, the Government moved for detention, making the same representation about Mr. Trecartin's intention to leave the area. *Mot. of the United States of America for Detention* at 2 (ECF No. 12). Mr. Trecartin appeared before the United States Magistrate Judge on March 26, 2013, pursuant to an application for writ of habeas corpus. *Appl. for Writ of Habeas Corpus* (ECF No. 15); *Min. Entry* (ECF No. 17). The application for writ of habeas corpus represented that Mr. Trecartin was in the Aroostook County Jail at the time. *Appl. for Writ of Habeas Corpus.*

On March 26, 2013, the Magistrate Judge returned Mr. Trecartin to state custody and set a detention hearing for March 29, 2013. *Min. Entry* (ECF No. 17). On March 28, 2013, the docket notes that Mr. Trecartin "remains in State Custody" and the "[d]etention hearing [is] to be reset after defendant is released from State Custody." *Notice* (ECF No. 23).

On April 3, 2013, the docket reflects that the Clerk's Office rescheduled Mr. Trecartin's detention hearing for April 4, 2013, before the United States Magistrate Judge and reset the time of the hearing on the same day. *Notice of Hr'g on Mot. re: Mot. for Detention* (ECF No. 24); *Rescheduled Notice of Hr'g re: Mot. for Detention* (ECF No. 25). The Magistrate Judge held a detention hearing on April 4, 2013, and she ordered Mr. Trecartin detained in federal custody. *Min. Entry* (ECF No. 26); *Order of Detention Pending Trial* (ECF No. 28). On November 6, 2013, Mr. Trecartin

appeared before the Court and entered a plea of guilty. *Min. Entry* (ECF No. 46). The docket entry confirms that the Court remanded Mr. Trecartin to the custody of the United States Marshal Service directly after he entered his guilty plea. *Id.*

The Court sentenced Mr. Trecartin on June 10, 2014. *Min. Entry* (ECF No. 61). The sentencing judgment makes no mention of crediting any state time. *J.* (ECF No. 63). Mr. Trecartin did not appeal his conviction or sentence and his case has long since been closed. The Court reviewed the parties' sentencing memoranda to see if they shed any light on the issue of credit for time served while in state custody, and they did not mention it. *Sentencing Mem. of the United States of America* (ECF No. 52); *Def.'s Mem. Regarding Sentencing* (ECF No. 56); *Resp. of the United States to Def.'s Mem. Regarding Sentencing* (ECF No. 60). No transcript of the sentencing hearing has been prepared, so the Court is unable to review the proceedings to see if the parties discussed the credit issue with the Court.

The Court retrieved and reviewed Mr. Trecartin's Second Revised Presentence Investigation Report (PSR). The front page of the PSR states:

> **Release Status:** Detained since arrest on State Charges since September 26, 2012; detained in federal custody since April 4, 2013.

*PSR* at 1. There is no reference in the PSR to credit on his federal sentence for the time Mr. Trecartin spent in state custody. *See PSR* at 1-27. The PSR confirms that federal agents, together with members of the Maine State Police and the town of Houlton Police Department, conducted a search of Mr. Trecartin's residence on September 26, 2012, pursuant to a search warrant. *PSR* ¶ 5. The PSR states that Mr. Trecartin was arrested and transported to the Aroostook County Jail "for

4

violating [a] protection order, cultivating marijuana and endangering the welfare of a child." *Id.* Given that he was taken to county jail and was not federally prosecuted until December 12, 2012, it is likely he was arrested for state, not federal, offenses.

The PSR elaborates upon Mr. Trecartin's criminal history. Paragraphs 41 and 41A confirm that on March 28, 2013, Mr. Trecartin was convicted in one case of seven counts of violating protective orders and in another case of twenty counts of violating protective orders. *PSR* ¶¶ 41-41A. The March 28, 2013, entry for the first case states that he was incarcerated thirty days on each count, the sentences being concurrent, and the March 28, 2013, entry for the second case states that he was incarcerated for thirty days consecutive to the first case. *Id.*

It is difficult to put together an exact chronology. However, even though law enforcement searched his residence on September 26, 2012, and found evidence of his possession of child pornography to which he admitted, he was not charged with possession of child pornography until December 12, 2012, and during the period before April 4, 2013, he was incarcerated at the Aroostook County Jail for offenses unrelated to his child pornography offense, namely his twenty-seven violations of protective orders, and perhaps for the marijuana and endangering the welfare of a child offenses that also occasioned his arrest. If this is correct, he would not be entitled to credit for the period from September 26, 2012, to April 4, 2013, when he entered federal custody, because he was serving state sentences for a crime or crimes unrelated to his child pornography offense.

The Court acknowledges that there are gaps in its chronology. The sixty-day total sentence the state of Maine imposed on the multiple violations of the protective orders does not correspond to the period from September 26, 2012, when he went into state custody, to April 4, 2013, when he entered federal custody.[1] Nevertheless, a couple of conclusions can be gleaned from the federal docket and the PSR. First, except for the days he appeared in federal court on writs of habeas corpus, Mr. Trecartin was not in federal custody between September 26, 2012, and April 4, 2013. Second, Mr. Trecartin was not being held in state custody during that period for conduct relevant to his federal charge. As the Court just noted, the only exception is the few days when he came into federal custody pursuant to federal habeas warrants, which may explain the difference between April 4, 2013, the start date of Mr. Trecartin's detention in federal custody, *see PSR* at 1, and March 29, 2013, the starting point Mr. Trecartin mentions. *Mot. for County Jail Time Credit.*

The upshot is that, contrary to Mr. Trecartin's recollection, the Court has no reason to believe that it credited Mr. Trecartin with any time at the sentencing hearing. Otherwise, the credit would have been reflected in the sentencing judgment of June 11, 2014. *See J.* The Court suspects that the United States Bureau of Prisons did the credit calculation based on the amount of time Mr. Trecartin was in federal custody for his federal offense. As the conduct for which Mr. Trecartin was in state

---

[1] It may be simply that after Mr. Trecartin was arrested on September 26, 2012, he was not able to make bail on the state charges and therefore remained in custody. If so, his state sentence was less than the total time he spent in state custody, which, if it occurred, is an unfortunate turn of events. But this would not affect when he went into federal custody or whether his state custody was based on conduct relevant to the federal charge.

custody was not related to the conduct for which he entered federal custody, he would not be entitled to credit. U.S.S.G. § 5G1.3.

If Mr. Trecartin believes that the Court's analysis is incorrect, he is free to supplement his motion. If he does not supplement his motion within twenty-eight days of the date of this order, the Court will dismiss his motion without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of December, 2019